

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William J. Lawson
Secretary of State
Austin, Texas

Attention:  Mr. Frank D. Year

Dear Sir:

Opinion No. O-5029
Re:  Whether or not the contract
for Insured Burial Savings
Fund and contract for Non-
Insured Burial Savings Fund
are securities within the
meaning of the Texas Securi-
ties Act.

Your letter of recent date requesting the opinion
of this department on the above stated matter reads in part
as follows:

"This Department is in receipt of an applica-
tion from one, O. S. Weaver, Trustee of Time Serv-
ice Association, for a letter of exemption from
the operation of the Texas Securities Act of cer-
tain instruments to be offered for sale by such
Association.  The instruments are known as Con-
tracts for Insured Burial Savings Fund and con-
tracts for Non-Insured Burial Savings Fund.

"In the letter of transmittal it is stated
that the agents to sell this contract will be
licensed by the Southern States Life Insurance
Company and subject to the regulation of the In-
surance Department of the State of Texas.

"I am submitting herewith copy of Contract
for Insured Burial Savings Fund and Contract for
Non-Insured Burial Savings Fund, together with
copy of application for Insured Burial Savings

Contract and copy of insurance policy to be issued by Southern States Life Insurance Company in connection with the application for Insured Burial Savings Contract.

"I am also submitting copy of Declaration of Trust of date 24th day of June, 1941, executed by C. S. Weaver, and copy of Indenture of date 24th day of June, A. D., 1941 between the Time Service Association and Nelson and Nelson, Certified Public Accountants.

"Before acting on the application of the said G. S. Weaver, we would appreciate the opinion of your Department as to whether or not the contract for Insured Burial Savings Fund and contract for Non-Insured Burial Savings Fund are securities within the meaning of the Texas Securities Act.

". . . ."

We have carefully considered the application for Insured Burial Savings Contract, contract for Insured Burial Savings Fund, contract for Non-Insured Burial Savings Fund, the Declaration of Trust, and the Indenture bearing date of June 24, 1941, between the Time Service Association and Nelson and Nelson, Certified Public Accountants, copies of all of these instruments being attached to your inquiry.

Before considering the question whether or not the contract for Insured Burial Savings Fund and the contract for Non-Insured Burial Savings Fund are securities within the meaning of the Texas Security Act (Article 600a, Vernon's Annotated Civil Statutes) it becomes necessary, we think, to determine whether or not the contracts mentioned are contracts of insurance. If the contracts are contracts of insurance then they are exempt from the Securities Act.

It is our opinion that the provisions contained and set forth on pages 2 and 3 of the contracts respectively, constitute contracts of insurance or insurance as that term is generally defined by law.

The cases generally hold that contracts by which one party, for a consideration, promises to make a certain payment

of money upon the death of the other, whatever may be the
terms of the payment of the consideration of the assured,
or the mode of estimating or securing payment of the insur-
ance money, it is still a contract of insurance, no matter
by what name it may be called. (Commonwealth v. Wetherbee,
105 Mass. 149; State v. Benevolent Association, 18 Neb. 281,
25 N. W. 81; Farmer v. State, 69 Tex. 276, 7 S. W. 220.)

In the case of National Auto Service Corporation
v. State, 55 S. W. (2) 209 it is stated:

"Whether or not a contract is one of insurance
is to be determined by its purpose, effect, contents
and imports, and not necessarily by the terminology
used, and even though it contains declarations to
the contrary."

Couch on Insurance, Volume 1, Section 32, page 47,
states:

"Burial or funeral benefit insurance is valid,
and being determinable upon cessation of human
lives, and dependent upon their contingency, con-
stitutes life insurance." (Citing numerous author-
ities).

In Texas Jurisprudence, Volume 24, page 650, it is
stated:

"Insurance is a word of comprehensive and var-
ious meanings. In a general sense the term signi-
fies an agreement, for a consideration, to pay a
sum of money upon the happening of a particular
event or a contingency, or an indemnity for loss
in respect of a specified subject or a specified
peril; in other words, an undertaking by one party,
generally designated as the insured, or the assured,
from loss arising from named risk, for the consi-
deration and upon the terms and under the condi-
tions recited. . . . but the true character of an
alleged contract of insurance cannot be concealed
or changed by the use or absence of words, it being
immaterial whether or not the contract on its face
purports to be one of insurance, since the courts
will look behind the terminology to ascertain the
intent of the parties."

Cooley's Brief on Insurance (2nd) ed.) Volume 1, page 6, states:

"An insurance contract has been defined as an agreement by which one party for a consideration promises to pay money or its equivalent or to do some act of value to the assured upon the destruction or injury of something in which the other party has an interest." (Citing many authorities).

After carefully considering the heretofore mentioned contracts together with the foregoing authorities it is the opinion of this department that said contracts are contracts of insurance and that the instruments accompanying your inquiry reflect that the Time Service Association has no legal authority or right to issue and execute such contracts.

In view of our holding that the contracts under consideration are contracts of insurance it is not necessary for the purpose of this opinion to determine whether said contracts are securities within the meaning of "The Securities Act".

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED FEB 6, 1943

AW:mp

